```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
NICHOLAS R. DE BIASE,

                        Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       18-CV-4402(JS)(SIL)

EVANSTON INSURANCE COMPANY and
MARKEL SERVICE INCORPORATED,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Nicholas R. De Biase, pro se[1]
                    P.O. Box 5382
                    Fire Island Pines, New York 11782

For Defendants:     Cynthia Louise Bernstiel, Esq., pro hac vice
                    Rebar Bernstiel
                    470 Norristown Road, Suite 201
                    Blue Bell, Pennsylvania 19422

                    Frank V. Kelly, Esq.
                    Rebar Bernstiel
                    800 Third Avenue, 28th Floor
                    New York, New York 10022
```

SEYBERT, District Judge:

        Plaintiff Nicholas R. De Biase ("Plaintiff") commenced this action against defendants Evanston Insurance Company ("Evanston") and Markel Service Incorporated[2] ("Markel" and with Evanston, "Defendants") asserting claims for breach of contract

---

[1] Although appearing pro se, Plaintiff graduated from the University of Pennsylvania School of Law and is a member of the California State Bar. (Am. Compl., D.E. 17, ¶ 1.)

[2] Defendant Markel is a holding company that maintains financial control over Evanston. (Am. Compl. ¶¶ 3-5.)

and breach of the implied covenant of good faith and fair dealing arising out of Defendants' alleged failure to timely issue an insurance coverage opinion. (See generally Am. Compl.) Currently before the Court is Defendants' motion pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) to dismiss Plaintiff's Amended Complaint for failure to state a claim (the "Motion"). (Mot., D.E. 22; see generally Def. Br., D.E. 22-1; Pl. Opp., D.E. 23; Def. Reply, D.E. 24; Pl. Sur-Reply, D.E. 25.) For the reasons set forth below, Defendants' Motion is DENIED.

FACTUAL BACKGROUND[3]

Plaintiff is the owner of the property located at 247 Bay Walk, Fire Island Pines, New York (the "Property"). (Am. Compl. ¶ 1.) Evanston initially insured the Property on a yearly basis from January 29, 2014 through January 29, 2016 under policy number RUA12816.[4] (Am. Compl. ¶ 9.) Thereafter, Plaintiff renewed the Evanston insurance on a yearly basis from January 29, 2016 through January 28, 2019 under policy number RUA20516 (the "Policy"). (Am. Compl. ¶ 12.)

---

[3] The following facts are taken from the Amended Complaint and are assumed to be true for purposes of this Memorandum and Order.

[4] Essex Insurance Company ("Essex") initially issued the policy. (Am. Compl. ¶ 9.) Around June 30, 2016, Essex merged with Evanston. (Am. Compl. ¶ 11.) The Court refers to Evanston as the insurer in this Memorandum and Order.

As pertinent here, the Policy provides that "[n]o action can be brought against [Defendants] unless there has been full compliance with all of the terms under Section I of this policy and the action is started within two years after the date of loss." (Policy, D.E. 1-1, ¶ H at ECF p. 22.) Under "Section I - Conditions," subsection C, "Duties After Loss," Defendants "have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us." (Policy at ECF p. 20.) The "Duties After Loss" provides, among other things, that an insured must (1) "cooperate with [Defendants] in the investigation of a claim" and (2) "as often as [Defendants] reasonably require . . . [p]rovide [Defendants] with records and documents [Defendants] request" and "[s]ubmit to [an] examination under oath." (Policy at ECF p. 20, Sections (I)(C)(5) and (7)(b)-(c).)

Around late February or early March 2018, three nor'easter storms damaged the Property. (Am. Compl. ¶ 14.) Plaintiff submitted a claim under the Policy to recover the costs of the damage. (Am. Compl. ¶ 15.) On March 24, 2018, Defendants' inspector, Robert Patton ("Patton"), inspected the Property. (Am. Compl. ¶¶ 16-17.) According to Plaintiff, Patton confirmed via phone calls, text messages, and emails that the Property needed a "complete replacement of the upper roof" and requested that Plaintiff provide him with estimates of costs for other damage to

3

the Property. (Am. Compl. ¶ 18.) Plaintiff complied with that request and Patton submitted a storm and wind damage estimate to Defendants but not to Plaintiff. (Am. Compl. ¶¶ 19-20.)

Thereafter, Plaintiff asked Defendants for the Policy coverage report. (Am. Compl. ¶ 21.) In response, Defendants sent Plaintiff a "reservation of rights" letter and did not recognize coverage under the Policy and did not advance any funds under the Policy. (Am. Compl. ¶ 22.) On or about May 17, 2018, Defendants informed Plaintiff that Donan Engineering ("Donan") would inspect the Property. (Am. Compl. ¶ 23.) The inspection occurred on June 19, 2018 and the engineer informed Plaintiff that, among other required repairs, the roof needed replacement. (Am. Compl. ¶¶ 25-26.) On June 29, 2018, Donan submitted an engineer report to Defendants but did not provide a copy to Plaintiff. (Am. Compl. ¶¶ 27-28.)

On July 13, 2018, Plaintiff submitted a revised claim detailing specific items of damage. (Am. Compl. ¶¶ 33-34.) In his revised claim, Plaintiff stated that Defendants' four month delay in providing coverage caused his "damages to continue to increase." (Am. Compl. ¶¶ 33-34.) On July 30, 2018, Defendants, through counsel, requested Plaintiff sit for an examination under oath on August 31, 2018 and requested that Plaintiff provide a proof of loss form and other documentation by August 17, 2018. (Am. Compl. ¶ 35; see also July 30, 2018 Letter, D.E. 22-3.) The

July 30, 2018 letter states that "Evanston must examine and evaluate all of the available documents and other writings enumerated [herein] in order to make an informed decision" as to whether the Policy provides coverage for Plaintiff's claim. (July 30, 2018 Letter at 6.) According to Plaintiff, he previously submitted the requested information "several times." (Am. Compl. ¶ 35.)

Procedural History

Plaintiff initiated this action on August 3, 2018 (Compl., D.E. 1.) and thereafter filed an Amended Complaint, dated December 28, 2018. (See Am. Compl.) The Amended Complaint asserts claims for (1) breach of contract (Am. Compl. ¶¶ 38-42) and (2) breach of implied covenant of good faith and fair dealing (Am. Compl. ¶¶ 43-47).

Plaintiff alleges that Defendants breached the Policy and the implied covenant of good faith and fair dealing by, among other things, "refusing to speak to or communicate meaningfully" with Plaintiff, "refusing to acknowledge or pay for" damages, including damages acknowledged by Patton and Donan, by asking for the same information "over and over again," by "requiring unnecessary additional inspections," by "continually delaying the claim," and by "ignoring the professional and expert opinion, advice, and reports" from Defendants' inspectors and engineers. (Am. Compl. ¶ 36.)

5

ANALYSIS

I.  Legal Standard

To withstand a motion to dismiss, a complaint must contain factual allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)).  This plausibility standard is not a "probability requirement" and requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks and citation omitted).  "To survive a motion to dismiss under Twombly, it is not enough to make allegations of an antitrust conspiracy that are consistent with an unlawful agreement; to be viable, a complaint must contain enough factual matter (taken as true) to suggest that an agreement to engage in anticompetitive conduct was made." In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007) (internal quotation marks and citation omitted).

In deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint," Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998), but this has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which

6

the complaint heavily relies, and anything of which judicial notice may be taken.[5] See Chambers v. Time Warner, Inc., 282 F.3d 147, 152–52 (2d Cir. 2002); Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991).

II. Discussion

Defendants do not argue that the Complaint fails to state a claim. Rather, Defendants argue that Plaintiff's failure to comply with a condition under the Policy (cooperation with Defendants' investigation) prevents Plaintiff from maintaining this action.[6] (Def. Br. at 1.) In support, Defendants represent that they asked Plaintiff to "produce records concerning [his] finances and loss history" as part of its investigation into Plaintiff's claim. (Def. Br. at 1.) According to Defendants, because the Amended Complaint alleges that Plaintiff "only" provided documents that "relate to the amount of the claim and

---

[5] The Court considers the Policy, which was attached to the original Complaint and the July 30, 2018 letter, which was referenced in the Complaint. Other documents submitted will not be considered. See Friedman v. MiraMed Revenue Grp., LLC, No. 12-CV-5328, 2012 WL 5992163, at *3 (S.D.N.Y. Nov. 19, 2012); Kalin v. Xanboo, 526 F. Supp. 2d 392, 398–99 (S.D.N.Y. 2007).

[6] On the other hand, Defendants' Motion, although fashioned as a motion to dismiss for failure to state a claim, reads like a motion to dismiss for lack of subject matter jurisdiction. Specifically, Defendants' arguments can be construed as asserting that this case is not ripe for adjudication based on Plaintiff's purported failure to comply with conditions under the Policy: mainly, Plaintiff's failure to cooperate. Defendants do not brief this argument and the Court declines to consider it sua sponte.

7

'specific items of damage,'" the "sole reasonable inference . . . under Iqbal" is that "Plaintiff has not provided the records that Evanston requested." (Def. Br. at 3-4 (emphasis omitted).) Thus, dismissal is appropriate because Plaintiff cannot pursue this action "until [he] compl[ies] with the terms of Section I of the Policy." (Def. Br. at 4; see also Def. Reply at 1 ("This motion presents a single legal issue to the Court: whether Plaintiff failed to comply with the conditions of the Policy by filing suit before responding to Evanston's requests for records concerning his finances.").)

Plaintiff responds by primarily arguing that (1) he has properly pled his claims for breach of contract and breach of the implied covenant of good faith and fair dealing (Pl. Opp. at 4-7) and (2) he has offered to sit for a deposition and has provided Defendants with a "full loss history" (Pl. Opp. at 3-4).

Based on the "allegations contained within the four corners of [the] complaint," the Court declines to draw Defendants' suggested inference. Pani, 152 F.3d at 71. Moreover, whether Plaintiff complied with the terms of the Policy presents a factual dispute not amenable to resolution on a motion to dismiss. Trident Int'l Ltd. v. Am. Steamship Owners Mut. Protection & Indem. Ass'n, Inc., No. 05-CV-3947, 2008 WL 2909389, at *4 (S.D.N.Y. July 24, 2008) ("[W]here, as here, the existence of compliance vel non [of a condition precedent] depends on the resolution of factual issues,

8

summary judgment is inappropriate.") (emphasis added); Klewin Bldg. Co., Inc. v. Heritage Plumbing & Heating, Inc., 42 A.D.3d 559, 560, 840 N.Y.S.2d 144, 145 (N.Y. App. Div. 2d Dep't, 2007) (denying summary judgment where insurer did not demonstrate as a matter of law that the insured failed to comply with conditions precedent to coverage).

Although not clear, Defendants also appear to argue the affirmative defense that Plaintiff is barred from recovery because he breached the Policy's "cooperation" clause by refusing to turn over records concerning his personal finances. (See Def. Br. at 2-4; McCoy v. Goord, 255 F. Supp. 2d 233, 249 (S.D.N.Y. 2003) ("'An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint.'") (quoting Pani, 152 F.3d at 74-75).)

Plaintiff does not necessarily contest that he has not provided Defendants with his personal financial records. Instead, Plaintiff argues that his financial documents "are not relevant" to Defendants' investigation. (Pl. Sur-Reply at 1-2.) While Defendants do not explicitly state why the requested information is necessary to their investigation, they appear to imply it is needed to determine whether Plaintiff submitted a fraudulent

claim.[7] (Def. Br. at 3 (citing cases for the proposition that insurers are entitled to personal financial information as part of its coverage investigation to determine whether Plaintiff committed fraud).)

"Under New York law, it is well settled that the insured's cooperation is a condition precedent to coverage under an insurance policy." Scott v. AIG Prop. Cas. Co., No. 17-CV-1052, 2019 WL 4748316, at *16 (S.D.N.Y. Sept. 30, 2019) (internal quotation marks and citation omitted); SCW W. LLC v. Westport Ins. Corp., 856 F. Supp. 2d 514, 522 (E.D.N.Y. 2012) ("Under New York law, it is clear that 'when an insured deliberately fails to cooperate with its insurer in the investigation of a covered incident as required by the policy, the insurer may disclaim

---

[7] A review of the New York state cases cited by Defendants--notably decided at the summary judgment stage or after trial--confirms this understanding. (Def. Br. at 3 (citing Dlugosz v. Exch. Mut. Ins. Co., 176 A.D.2d 1011, 1013, 574 N.Y.S.2d 864 (1991) (finding for the insurer when "the insured's noncooperation [was] unreasonable and willful"); Weissberg v. Royal Ins. Co., 240 A.D.2d 733, 733–34, 659 N.Y.S.2d 505 (1997) (granting summary judgment for insurer where the insured refused to provide personal financial information due to the "suspicious nature" of the claim); Buongiovanni v. Allstate Ins. Co., 240 A.D.2d 455, 456, 658 N.Y.S.2d 431 (1997) (same); Rickert v. Travelers Ins. Co., 159 A.D.2d 758, 759, 551 N.Y.S.2d 985 (1990) (same); see also Def. Reply at 1 (citing Raymond v. Allstate Ins. Co., 94 A.D.2d 301, 301, 306, 464 N.Y.S.2d 155, 158 (1983) (reversing summary judgment on the issue of whether insurer "denied or repudiated the claim sufficient to excuse the insured from further compliance with such conditions precedent.").

10

coverage in the absence of a waiver by or estoppel of the insurer.' (quoting 70A N.Y. Jur. 2D Insurance § 2122)).

To deny insurance coverage on the basis of a failure to cooperate, "'an insurance carrier must demonstrate (1) that it acted diligently in seeking to bring about the insured's cooperation, (2) that the efforts employed by the insurer were reasonably calculated to obtain the insured's cooperation, and (3) that the attitude of the insured, after his or her cooperation was sought, was one of willful and avowed obstruction." Scott, --- F. App'x ----, 2019 WL 4748316, at *16 (quoting Wingates, LLC v. Commonwealth Ins. Co. of Am., 21 F. Supp. 3d 206, 217-18 (E.D.N.Y. 2014), aff'd, 626 F. App'x 316 (2d Cir. 2015)).

Guided by this standard, the Court finds that whether Defendants can disclaim coverage (thus barring Plaintiff from recovery) turns on a resolution of facts not presently before the Court. The parties do not ask the Court to covert this Motion into a motion for summary judgment and Defendants' Motion must therefore be denied. See, e.g., Scott, 2019 WL 4748316, at *13 (stating that "summary judgment is appropriate where it is determined that an insured's conduct constitutes a breach of the policy's cooperation clause." (internal quotation marks and citation omitted)) (emphasis added); Trident, 2008 WL 2909389, at *4; Sphere Drake Ins. Co. v. Y.L. Realty Co., 990 F. Supp. 240, 242 (S.D.N.Y. 1997) (a determination as to the timeliness of

11

compliance with a condition precedent to insurance coverage is generally an issue of fact); Eagley v. State Farm Ins. Co., No. 13-CV-6653, 2015 WL 5714402, at *9 (W.D.N.Y. Sept. 29, 2015) (granting insurer summary judgment where, among other things, plaintiffs failed to provide personal financial information the court found to be material to the insurer's investigation).

CONCLUSION

For the reasons stated above, Defendants' Motion (D.E. 22) is DENIED. Because Plaintiff registered for and consented to electronic service of Court Orders in this matter (D.E. 3), he will not receive a copy of this Order by mail.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   February  20 , 2020
         Central Islip, New York