IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS R. DE BIASE, | Civil Action No.: 2:18-cv-04402-JS-SIL |
| Plaintiff, | *Filed Electronically* |
| v. | |
| EVANSTON INSURANCE COMPANY and MARKEL SERVICE INCORPORATED, | **ANSWER AND DEFENSES OF DEFENDANTS EVANSTON INSURANCE COMPANY AND MARKEL SERVICE INCORPORATED TO FIRST AMENDED COMPLAINT OF PLAINTIFF NICHOLAS R. DE BIASE** |
| Defendants. | |

Defendants Evanston Insurance Company ("Evanston") and Markel Service Incorporated (collectively, "Answering Defendants")[1], by and through their undersigned counsel, Rebar Bernstiel, hereby submit this Answer with Defenses to the First Amended Complaint of Plaintiff, Nicholas R. De Biase ("Plaintiff"), and in support thereof aver as follows:

1.      Denied.  After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the First Amended Complaint, which allegations are therefore denied.

2.      Denied.  After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the First Amended First Amended Complaint regarding Plaintiff's voter registration, voting habits, driver's licensing and personal banking habits, which allegations are therefore denied.  By way of further answer, the remaining allegation contained in Paragraph 2

---

[1] Plaintiff Nicholas R. De Biase's First Amended Complaint identifies "Evanston Insurance Company" and "Markel Service Incorporated" as the defendants in this case.  The subject insurance policy was issued only by Evanston Insurance Company, subject to certain terms, exclusions, agreements, conditions and limitations.  Markel Service Incorporated is not an insurance company and did not issue the subject policy.  Markel Service Incorporated does not waive any of its defenses, including that Plaintiff's First Amended Complaint should be dismissed on the basis that Markel Service Incorporated is not an insurance company and that it did not issue the subject policy.

1

of the First Amended Complaint is a conclusion of law to which no responsive pleading is required, which allegation is therefore deemed denied.

3. Denied as stated. Answering Defendants admit only that Evanston is an Illinois corporation with its principal place of business in Illinois. The remaining allegation contained in Paragraph 3 of the First Amended First Amended Complaint is a conclusion of law to which no responsive pleading is required. This allegation is therefore deemed denied.

4. Denied. The allegations contained in Paragraph 4 of the First Amended Complaint are conclusions of law to which no responsive pleading is required. These allegations are therefore deemed denied.

5. Denied as stated. Defendant Markel Service Incorporated (referred to by Plaintiff in Paragraph 5 of his First Amended Complaint as "Markel Corporation") admits only that it is a Virginia corporation with its principal place in Virginia. By way of further answer, Defendant Markel Service Incorporated is not an insurance company, and did not issue the subject policy to Plaintiff. The remaining allegation contained in Paragraph 5 of the First Amended Complaint is a conclusion of law to which no responsive pleading is required. This allegation is therefore deemed denied.

6. Denied. The allegations contained in Paragraph 6 of the First Amended Complaint are conclusions of law to which no responsive pleading is required. These allegations are therefore deemed denied. To the extent any response is deemed necessary, Answer Defendants incorporate their response to Paragraph 5 of the First Amended Complaint as if fully set forth at length.

7.     Denied.  The allegations contained in Paragraph 7 of the First Amended Complaint are conclusions of law to which no responsive pleading is required.  These allegations are therefore deemed denied.

8.     Denied.  The allegations contained in Paragraph 8 of the First Amended Complaint are conclusions of law to which no responsive pleading is required.  These allegations are therefore deemed denied.

9.     Denied as stated.  Answering Defendants admit only that Essex Insurance Company issued to Plaintiff policy of insurance RUA12816, effective from January 29, 2014 to January 29, 2015, which provided insurance for the property located at 247 Bay Walk, Fire Island Pines, New York 11762 (the "Property"), subject to certain terms, exclusions, agreements, conditions and limitations.  By way of further answer, policy of insurance RUA12816 is a writing which speaks for itself regarding all of its terms, exclusions, agreements conditions and limitations, and Answering Defendants expressly deny any characterization of this policy by Plaintiff.

10.    Denied as stated.  Answering Defendants admit only that Essex Insurance Company inspected and photographed the Property before issuing policy of insurance RUA12816.  By way of further answer, policy of insurance RUA12816 is a writing which speaks for itself regarding all of its terms, exclusions, agreements conditions, limitations and coverages, and Answering Defendants expressly deny any characterization of this policy by Plaintiff.  After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegation in Paragraph 10 of the First Amended Complaint regarding the alleged significant increase in Plaintiff's yearly home insurance premium for the Property, which allegation is therefore denied.

11. Admitted in part; denied in part. Answering Defendants admit only that Essex Insurance Company, as of June 30, 2016, merged into Evanston Insurance Company, and that Essex Insurance Company is therefore no longer an active or existing entity in any jurisdiction. The remaining allegations contained in Paragraph 11 of the First Amended Complaint are conclusions of law to which no responsive pleading is required. These allegations are therefore deemed denied.

12. Denied as stated. Answering Defendants deny the allegations in Paragraph 12 of the First Amended Complaint which refer to actions by "Defendant" without specifying which of the Defendants Plaintiff is claiming took such alleged actions. By way of further answer, Answering Defendants admit only that Evanston issued to Plaintiff policy of insurance RUA20516 which provided insurance for the Property subject to certain terms, exclusions, agreements, conditions and limitations (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit "A." By way of further answer, the Policy is a writing which speaks for itself regarding all of its terms, exclusions, agreements conditions, limitations and effective dates, and Answering Defendants expressly deny any characterization of the Policy by Plaintiff.

13. Denied as stated. Answering Defendants admit only that Evanston issued to Plaintiff the Policy which provided insurance for the Property subject to certain terms, exclusions, agreements, conditions and limitations. *See* Exhibit "A." By way of further answer, the Policy is a writing which speaks for itself regarding all of its terms, exclusions, agreements conditions and limitations, as well as the named insureds thereunder, and Answering Defendants expressly deny any characterization of the Policy by Plaintiff.

14. Denied as stated. Answering Defendants admit only that Plaintiff claims that the Property was damaged by storms(s) in February and/or March 2018, which damage Defendant

4

Evanston was investigating at the time Plaintiff Nicholas R. De Biase, and the other named insured under the Policy, Lucian Rawls, filed the instant lawsuit on August 3, 2018.

15.     Denied as stated.  Answering Defendants admit only that on or about March 19, 2018, Plaintiff Nicholas R. De Biase, along with the other named insured under the Policy, Lucian Rawls, made a claim to Defendant Evanston under the Policy for alleged damage to the Property, which claim Evanston assigned claim number 18C0951 (the "Claim").

16.     Admitted in part; denied in part.  Answering Defendants admit only that Robert Patton inspected the Property after Plaintiff De Biase and the other named insured under the Policy, Lucian Rawls, submitted the Claim to Evanston.  By way of further answer, any reports or estimates authored by Robert Patton are writings which speaks for themselves, and Answering Defendants expressly deny any characterization of said documents by Plaintiff.

17.     Denied as stated.  Answering Defendants admit that Robert Patton inspected the Property on March 24, 2018 and that Plaintiff was present at the Property on that date.

18.     Denied as stated.  Answering Defendants admit only that Mr. Patton and Plaintiff communicated regarding the loss, and that Plaintiff submitted documentation in support of the Claim to Defendant Evanston.

19.     Denied.  Answering Defendants specifically deny that Mr. Patton submitted an estimate to Defendant Markel Service Incorporated which is not an insurance company and did not issue the subject Policy.  By way of further answer, any estimates authored by Robert Patton are writings which speaks for themselves, and Answering Defendants expressly deny any characterization of said documents by Plaintiff.

20. Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 of the First Amended Complaint, which allegations are therefore denied.

21. Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 of the First Amended Complaint, which allegations are therefore denied.

22. Denied. Answering Defendants specifically deny that Defendant Markel Service Incorporated performed any of the acts complained of in Paragraph 22 of the Complaint, including "stonewalling" Plaintiff or sending any correspondence whatsoever to Plaintiff. Markel Service Incorporated is not an insurance company, did not issue the subject Policy to Plaintiff and did not communicate with Plaintiff regarding the Claim. Answering Defendants also specifically deny that Defendant Evanston "stonewalled" Plaintiff, delayed its coverage investigation or sent Plaintiff a form "reservation of rights" letter. By way of further answer, Answering Defendants admit only that Defendant Evanston sent Plaintiff De Biase, as well as the other named insured under the Policy, Lucian Rawls, a reservation of rights letter on May 23, 2018, a copy of which is attached as Exhibit "B." Evanston's May 23, 2018 reservation of rights letter is a writing which speaks for itself, and Answering Defendants expressly deny any characterization of this document by Plaintiff.

23. Denied as stated. Answering Defendants admit only that following Mr. Patton's inspection, Evanston elected to have an engineer inspect the Property as part of its investigation of the Claim.

24. Denied as stated. Answering Defendants admit only that when Plaintiff requested an earlier date for the engineer retained by Evanston to inspect the Property, Evanston

6

accommodated Plaintiff's request and retained a different engineer with earlier availability for said inspection. Answering Defendants specifically deny that Defendant Markel Service Incorporated was in any way involved in the Claim investigation described in Plaintiff's First Amended Complaint because Defendant Markel Service Incorporated is not an insurance company and did not issue the subject Policy to Plaintiff. Answering Defendants also specifically deny that either Defendant Evanston, or any of its representatives, unreasonably delayed the adjustment of the Claim, refused to communicate promptly with Plaintiff or engaged in any other bad faith conduct whatsoever. To the contrary, as Plaintiff concedes, Defendant Evanston accommodated Plaintiff's request to accelerate its engineer's inspection of the Property following the loss.

25.    Denied as stated. Answering Defendants admit only that on June 19, 2018, engineer Sarah Byer from EFI Global Engineering of New York, P.C. ("EFI Global Engineering") inspected the Property and that Plaintiff De Biase was present at the Property on that date.

26.    Denied as stated. Answering Defendants admit only that following Ms. Byer's June 19, 2018 inspection, EFI Global Engineering authored a report dated June 29, 2018 regarding said inspection. EFI Global Engineering's June 29, 2018 report is a writing which speaks for itself, and Answering Defendants expressly deny any characterization of this document by Plaintiff.

27.    Denied as stated. Answering Defendants admit only that following Ms. Byer's June 19, 2018 inspection, EFI Global Engineering authored a report dated June 29, 2018 regarding said inspection. EFI Global Engineering's June 29, 2018 report is a writing which speaks for itself, and Answering Defendants expressly deny any characterization of this

7

document by Plaintiff. The remaining allegation contained in Paragraph 27 of Plaintiff's First Amended Complaint is a conclusion of law to which no responsive pleading is required. This allegation is therefore deemed denied.

28. Denied as stated. Answering Defendants specifically deny that Plaintiff requested EFI Global Engineering's report from Markel Service Incorporated, which is not an insurer and did not issue the subject Policy to Plaintiff. By way of further answer, after reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegation in Paragraph 28 of the First Amended Complaint, which allegation is therefore denied.

29. Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 of the First Amended Complaint, which allegations are therefore denied.

30. Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 of the First Amended Complaint , which allegations are therefore denied.

31. Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 of the First Amended Complaint , which allegations are therefore denied. By way of further answer, Answering Defendants specifically deny that Defendant Markel Service Incorporated engaged in engaged in any delay tactics and bad faith conduct inasmuch as Markel Service Incorporated is not an insurer and did not issue the subject Policy. Answering Defendants also specifically deny that Defendant Evanston engaged in any delay tactics or bad faith contact in its investigation of the Claim.

32. Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 of the First Amended Complaint, which allegations are therefore denied.

33. Denied as stated. Answering Defendants admit only that on July 13, 2018, Plaintiff De Biase sent an electronic communication to Jon Yauk at Evanston, which electronic communication is a writing that speaks for itself. Answering Defendants deny any characterization by Plaintiff of the contents of his July 13, 2018 electronic communication, including Plaintiff's characterization of this electronic communication as a "revised claim."

34. Denied as stated. Answering Defendants admit only that on July 13, 2018, Plaintiff De Biase sent an electronic communication to Jon Yauk at Evanston, which electronic communication is a writing, that speaks for itself. Answering Defendants deny any characterization of Plaintiff of the contents of this electronic communication, including Plaintiff's characterization of this electronic communication as a "revised claim."

35. Denied as stated. Answering Defendants admit only that Answering Defendant Evanston elected, pursuant to the Policy's "Duties After Loss" provision, to further investigate the Claim, which investigation included requesting that Plaintiff De Biase and the other named insured under the Policy, Lucian Rawls, appear for Examinations Under Oath and produce additional relevant and material supporting claim documents including a Sworn Statement in Proof of Loss. Answering Defendants specifically deny that Evanston's decision to further investigate the Claim was made in bad faith or for the purpose of unreasonably delaying its coverage decision. Answering Defendants also specifically deny that the Proof of Loss requested by Evanston was "superfluous" inasmuch as it was Plaintiff's duty under the Policy's "Duties After Loss" provision to provide Evanston with a "signed sworn proof of loss."

36. Denied.  The allegations contained in paragraph 36 of the First Amended Complaint are conclusions of law to which no responsive pleading is required.  These allegations are therefore deemed denied.

37. Denied.  After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 of the First Amended Complaint regarding Plaintiff De Biase's companies or a potential merger with a California Company or Plaintiff De Biase's need to relocate to California for same, which allegations are therefore denied.  The remaining allegations contained in Paragraph 37 of the First Amended Complaint are conclusions of law to which no responsive pleading is required.  These allegations are therefore deemed denied.

## FIRST CLAIM FOR RELIEF

38. Answering Defendants incorporate their responses contained in paragraphs 1 through 37 as if set forth more fully herein.

39. Denied as stated.  Answering Defendants admit only that Evanston issued to Plaintiff the Policy, effective from January 29, 2018 to January 29, 2019, which provided insurance for the Property subject to certain terms, exclusions, agreements, conditions and limitations.  *See* Exhibit "A."  By way of further answer, the Policy is a writing which speaks for itself regarding all of its terms, exclusions, agreements conditions and limitations and Answering Defendants deny any characterization of the Policy by Plaintiff.

40. Denied.  The allegations contained in paragraph 40 of the First Amended Complaint are conclusions of law to which no responsive pleading is required.  These allegations are therefore deemed denied.

41. Denied. Denied. The allegations contained in paragraph 41 of the First Amended Complaint are conclusions of law to which no responsive pleading is required. These allegations are therefore deemed denied.

42. Denied. The allegations contained in paragraph 42 of the First Amended Complaint are conclusions of law to which no responsive pleading is required. These allegations are therefore deemed denied.

## SECOND CLAIM FOR RELIEF

43. Answering Defendants incorporate their responses contained in paragraphs 1 through 42 as if set forth more fully herein.

44. Denied. The allegations contained in paragraph 44 of the First Amended Complaint are conclusions of law to which no responsive pleading is required. These allegations are therefore deemed denied.

45. Denied. The allegations contained in paragraph 45 of the First Amended Complaint are conclusions of law to which no responsive pleading is required. These allegations are therefore deemed denied.

46. Denied. The allegations contained in paragraph 46 of the First Amended Complaint are conclusions of law to which no responsive pleading is required. These allegations are therefore deemed denied.

47. Denied. The allegations contained in paragraph 47 of the First Amended Complaint are conclusions of law to which no responsive pleading is required. These allegations are therefore deemed denied.

## DEFENSES

By way of further defense to Plaintiff's First Amended Complaint , Answering Defendants set forth the following defenses:

### FIRST DEFENSE

The First Amended Complaint fails to allege facts sufficient to state a cause of action upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the terms, exclusions, agreements, conditions and limitations contained in the Policy, all of which Answering Defendants incorporate by reference as though fully set forth herein. *See* Exhibit "A."

### THIRD DEFENSE

Plaintiff has failed to perform a condition precedent to instituting suit against Defendants.

### FOURTH DEFENSE

Plaintiff violated the terms of the Policy by having commenced suit before having fully complied with all the terms under Section I of the Policy, which terms include, but are not limited to, the following:

> **Suit Against Us**
>
> No action can be brought against us unless there has been full compliance with all of the terms under Section **I** of this Policy and the action is started within two years after the inception of the loss. For purposes of this condition, inception of the loss means the date on which the direct physical loss or damage occurred.
>
> First Amended Complaint , Ex. A at p. 53.

**FIFTH DEFENSE**

Plaintiff violated the terms of the Policy by having commenced suit before having fully complied with all the terms under Section I of the Policy, which terms include, but are not limited to, the following:

**Duties after a loss**

In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:

\* \* \*

**7.** As often as we reasonably require:

    **a.** Show the damaged property;

    **b.** Provide us with records and records we request and permit us to make copies; and

    **c.** Submit to examination under oath, while not in the presence of another "insured", and sign the same;

*Id.*, Ex. A at p. 20

**SIXTH DEFENSE**

The Policy was issued only by Evanston, subject to certain terms, exclusions, agreements, conditions, and limitations. Markel Service, Incorporated is not an insurance company and did not issue the subject policy.

**SEVENTH DEFENSE**

Plaintiff may have failed to join necessary and/or indispensable parties.

**EIGHTH DEFENSE**

Defendants reserve the right to rely on any provision of the Policy, and to assert any and all other affirmative defenses that may become applicable during the course of this litigation.

**NINTH DEFENSE**

Defendants reserve the right to plead new matter as additional facts are revealed in the course of discovery.

WHEREFORE, Defendants Evanston Insurance Company and Markel Service Incorporated demand judgment in their favor and against Plaintiff, together with costs, attorney's fees, and all other relief deemed just and appropriate by the Court.

March 3, 2020                              **Respectfully submitted,**

**REBAR BERNSTIEL**

BY:   **/s/ Cynthia L. Bernstiel, Esquire**
　　　**CYNTHIA L. BERNSTIEL, ESQUIRE**
　　　800 3rd Avenue, 28th Floor
　　　New York, NY 10022
　　　212-858-9970/212-858-9971 (fax)
　　　Cbernstiel@rebarbernstiel.com

　　　*Attorneys for Defendants*
　　　*Evanston Insurance Company and*
　　　*Markel Service Incorporated*